No.—663.—ACHILLE BESSAN et als. *v.* ALEXANDER MOUCHEUX et als.

A sold the contents of a coffeehouse to B and C, for which B and C gave each their notes for one-half of the price. B gave a mortgage to secure the whole debt on his own property, and afterwards, at the maturity of the notes, paid one of them, and made a payment of one-half of the amount of the other. C subsequently transferred his one-half interest in the coffeehouse to B, for a fixed price. A brings suit by executory process to recover the balance of the outstanding note ; B enjoins on the grounds of extinction of the debt and mortgage. Held—that the transfer from C to B, of his one-half interest in the coffeehouse was not a *datien en paiement* but a sale, and that the property mortgaged not being the same as that sold from one co-debtor to the other, the debt was not extinguished by confusion.

APPEAL from the Parish Court of St. Martin.  *Gates, J.  F. Fusilier,* for plaintiffs and appellants.  *Gary & Fournet* and *DeBlanc & Perry,* for defendants and appellees.

LUDELING, C. J.  The plaintiffs obtained an injunction to restrain the defendants from executing an order of seizure and sale.  The defendant Moucheux sold to Achille Bessan and Pierre Susena the contents of a coffeehouse in the town of New Iberia, in 1860, for $2500, and the purchasers executed their joint and several notes, each for $1250, and due respectively on the tenth days of January, 1861 and 1862.  To secure the payment of these notes Bessan gave a mortgage on property belonging to him.  Shortly after the maturity of the first of these notes Bessan paid it, and on the twenty-sixth day of April, 1862, Bessan paid one-half of the other note.

The order of seizure and sale was issued to enforce the payment of the balance due on the second note.  Of the many grounds alleged for the injunction it will be necessary to notice only one ; that is, was the debt extinguished by confusion or by a *datien en paiement* as alleged by the plaintiffs ?

The other grounds were personal to Bessan, and the judgment in his favor is unappealed from.

The act from which it is inferred that the debt was extinguished was the transfer to Moucheux of the undivided half interest of Susena in the coffeehouse, in April, 1861.  The act evidencing this transfer recites that Susena had sold to Alexander Moucheux his interest in the coffeehouse for twenty-three hundred dollars—fifteen hundred dollars cash, and eight hundred dollars to be paid in ninety days. There is certainly nothing in this to indicate a *datien en paiement.* Nor does the testimony of Bessan himself tend to prove a giving in payment.  He says, " P. Susena *a vendu sa part du café* à Monsieur Alexander Moucheux, et que *Mr. Moucheux avait acheté* le café, et qu'el se mettait au lieu et place de Mr. Susena, et que Mr. Moucheux se rendait responsable des *dettes du café,* pour toutes les réclamations qu'on penvait avoir *contre le café.*"

The contract was a sale evidently.

Neither was the debt extinguished by confusion.  The property

78

bought by Moucheux was not the property which was mortgaged to secure the debt due him—nor did he assume to pay the mortgage debt—" Il se rendait responsable des dettes du café." The judgment of the District Court is sustained by the evidence in this case.

It is therefore ordered, and adjudged that the judgment of the court *a qua* be affirmed, and that the appellant pay the costs of appeal.